UNITED STATES DISTRICT COURT
EATERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAINER KRENSTETTER,

                Plaintiff,

    -against-

UNITED AIRLINES, INC. and
AUSTRIAN AIRLINES AG,

                Defendants.
------------------------------------------------------------x

**Civil Docket No. 23-cv-5446**

**COMPLAINT &
JURY TRIAL DEMAND**

Plaintiff, RAINER KRENSTETTER, by his attorneys, KREINDLER & KREINDLER LLP, as and for his Complaint against Defendants, UNITED AIRLINES, INC. and AUSTRIAN AIRLINES AG, alleges the following upon information and belief:

## PARTIES

1. Plaintiff RAINER KRENSTETTER is a resident of the State of Florida.

2. Defendant UNITED AIRLINES, INC. ("UNITED") is a Delaware corporation with its headquarters located at 233 South Wacker Drive, Chicago, Illinois 60606.

3. Defendant AUSTRIAN AIRLINES ("AUSTRIAN") is a corporate citizen or subject of the nation of Austria.

4. Defendant AUSTRIAN is a wholly-owned subsidiary of the Lufthansa Group, an aviation conglomerate organized under German law.

5. The Lufthansa Group operates locally in New York as Lufthansa Group Business Services New York LLC, with its headquarters located at 1400 RXR Plaza West Tower, Uniondale, New York, 11556.

6. Defendant AUSTRIAN holds a Foreign Air Carrier Permit issued by the United

States Department of Transportation that authorizes it to conduct regularly scheduled international flights to and from the United States of America.

## JURISDICTION AND VENUE

7. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331 because a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

8. Subject matter jurisdiction is proper under Article 33 of the Montreal Convention because Plaintiff's place of destination was located within the territory of a state party to the Convention, the United States of America.

9. Subject matter jurisdiction also is proper under Montreal Convention Article 1(3) because the course of international travel during which Plaintiff became injured, though operated by successive carriers, was regarded by Defendants UNITED and AUSTRIAN as a single operation, and the ticketing arrangement between Plaintiff, UNITED and AUSTRIAN was entered into with the objective intent of forming a cohesive contract for international carriage.

10. This court has personal jurisdiction over UNITED because UNITED has purposely availed itself of the privilege of doing business in New York through its widespread activities at New York-area airports.

11. Personal jurisdiction is also appropriate over AUSTRIAN because AUSTRIAN's affiliations within the United States are so continuous and systematic as to render it essentially at home here and therefore subject to the general jurisdiction of the United States District Courts. In New York specifically, AUSTRIAN operates a ticketing office at John F. Kennedy International Airport (JFK) and maintains its U.S. headquarters and legal offices in Uniondale, New York.

# FACTS OF THE CLAIM

12. On July 19, 2021, Defendant UNITED was and remains a common carrier engaged in the business of transporting passengers for hire by air.

13. On July 19, 2021, Defendant AUSTRIAN was and remains a common carrier engaged in the business of transporting passengers for hire by air.

14. On July 19, 2021, Defendant UNITED employed flight crews responsible for the safe and secure operation of its flights and the safety and well-being of its passengers.

15. On July 19, 2021, Defendant AUSTRIAN employed flight crews responsible for the safe and secure operation of its flights and the safety and well-being of its passengers.

16. On July 19, 2021, Defendant UNITED was responsible for the training, management, supervision, and/or control of its employees, agents, servants and/or contractors, including but not limited to their adherence to standard safety practices, policies and protocol.

17. On July 19, 2021, Defendant AUSTRIAN was responsible for the training, management, supervision, and/or control of its employees, agents, servants and/or contractors, including but not limited to their adherence to standard safety practices, policies and protocol.

18. On July 19, 2021, Plaintiff, RAINER KRENSTETTER, was traveling on an international itinerary from Vienna, Austria to Prescott, Arizona, with layovers in Chicago, Illinois and Denver, Colorado.

19. On July 19, 2021, Defendant AUSTRIAN operated and controlled a certain jet aircraft jointly designated as Austrian Airlines flight 0065 and United Airlines flight 0945 from Vienna, Austria (VIE) to Chicago, Illinois (ORD) (the "subject flight").

20. On July 19, 2021, Defendant AUSTRIAN was operating the subject flight pursuant to its code sharing agreement with Defendant UNITED.

21. On July 19, 2021, Plaintiff, RAINER KRENSTETTER, was a fare-paying passenger lawfully aboard the subject flight.

22. On July 19, 2021, the catering and meal service for the subject flight was provided, distributed, and/or otherwise controlled by Defendant AUSTRIAN through its crew members, employees, agents, servants and/or contractors.

23. On July 19, 2021, during meal service aboard the subject flight, Plaintiff, RAINER KRENSTETTER, sustained serious injuries to the inside of his mouth when he bit into a piece of broken dishware hidden inside his airline-provided meal.

24. Plaintiff's injuries were caused by an accident pursuant to Article 17 of the Montreal Convention because his injuries were caused by an unexpected or unusual event or occurrence external to him, and not by his own internal reaction to the ordinary operation of the aircraft.

25. As a result of the aforesaid accident, Plaintiff was injured.

26. As a result of the aforesaid accident, Plaintiff was seriously injured.

27. As a result of the aforesaid accident, Plaintiff was permanently injured.

28. As a result of the aforesaid accident, Plaintiff suffered pain, agony and mental anguish, and in the future shall continue to suffer from same.

29. As a result of the aforesaid accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

30. As a result of the aforesaid accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend sums of money on same.

31. As a result of the aforesaid accident, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

32. As a result of the foregoing, Defendant UNITED is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

33. As a result of the foregoing, Defendant AUSTRIAN is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

34. Defendants cannot meet their burden of proving that their own negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff.

35. Defendants cannot meet their burden of proving that the injuries sustained by Plaintiff were caused solely by the acts of third parties.

WHEREFORE, Plaintiff RAINER KRENSTETTER hereby demands judgment against Defendants UNITED AIRLINES INC. and AUSTRIAN AIRLINES AG in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: July 18, 2023
　　　　New York, New York

KREINDLER & KREINDLER LLP

*/s/ Erin R. Applebaum*

---
Erin R. Applebaum (EA9785)
485 Lexington Avenue, Floor 28
New York, NY 10017
(212) 687-8181
eapplebaum@kreindler.com

*Attorneys for Plaintiff*